FILED
CLERK'S OFFICE
2004 OCT -1 A 11: 45

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| MDL 1546 IN RE MEDICAL WASTE SERVICES ANTITRUST LITIGATION | ORDER |
| This Document Relates to:<br>ALL CASES | 2:03MD1546 DAK |

This matter is before the court on (1) Stericycle's Motion to Dismiss the Tri-State Class Action Cases[1]; (2) BFI Defendants' Motion to Dismiss[2]; and (3) Stericycle's Motion to Dismiss Claims in *Stoll*.[3] A hearing on the motions was held on June 15, 2004. At the hearing,

---

[1] The Tri-State Class Action includes 5 cases: (1) *Inter-Care Med. Assoc. v. Stericycle* (2:03CV886); (2) *Sorensen v. Stericycle* (2:03CV179); (3) *Comprehensive Addiction Treatment Servs., Inc. v. Stericycle* (2:03CV784); (4) *Haas DPM v. Stericycle* (2:03CV795); and (5) *Arizona Eye Ctr. v. Stericycle* (2:03CV887).

[2] The BFI Defendants have joined in Stericycle's motions, with the exception of the portion of Stericycle's motion directed toward the *Stoll* Complaint. The BFI Defendants are not named as Defendants in the *Stoll* action.

[3] Stericycle, joined by BFI, also moved to dismiss claims alleged by NAFTA and Johnson, but these motions are now denied as moot. NAFTA has settled with Stericycle, rendering moot Stericycle's motion to dismiss NAFTA's claims. Although NAFTA has not submitted dismissal papers regarding its claims against BFI, BFI's counsel, Mr. Northup represented at the hearing that NAFTA has agreed to dismiss its claims against BFI.
In addition, Johnson has filed a motion for leave to amend his Complaint, thereby rendering moot Stericycle's motion to dismiss Johnson's claims. Johnson and Stericycle have requested that the motion for leave to amend be held in abeyance pending negotiations by the parties. The court has assumed that BFI's motion to dismiss the Johnson claims is also moot for the same reason.


127

Stericycle, Inc. ("Stericycle") was represented by Raymond J. Etcheverry. BFI Waste Systems of North America, Inc. and Allied Waste Systems, Inc. (collectively, "BFI") were represented by Douglas C. Northup, and Plaintiffs were represented by Andrew S. Friedman. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to the motions. Now being fully advised, the court renders the following Order.

## I. NATURE OF THE TRI-STATE CLASS ACTION

Plaintiffs allege that Defendants engaged in a conspiracy with the purpose and effect of impermissibly allocating customers and geographic territories, monopolizing markets, and committing other unlawful practices designed to restrain competition and increase prices of collection, transport, and lawful disposal of medical waste products in the states of Utah, Arizona, and Colorado ("Medical Waste Services") charged to Plaintiffs.[4] Plaintiffs claim that Defendants' acts constitute violations of Section 1 and 2 of the Sherman Act, Section 7 of the Clayton Act, and similar state law antitrust statutes.

Plaintiffs allege that, before November 1997, Defendants Stericycle and BFI were the two largest companies in Utah, Arizona, and Colorado in the market for Medical Waste Services and were in direct competition with each other. Together, Plaintiffs claim, the two companies held the dominant share of the Medical Waste Services markets in these states. From November 1, 1997 until the present time (the "Class Period"), Plaintiffs claim that Defendants engaged in

---

[4] The Stoll Complaint, which is also currently at issue, makes similar claims but pertains to the California market. The Stoll action names only Stericycle–not BFI–as a Defendant.

illegal anticompetitive conduct by, among other things, allocating markets and equipment so that Defendants were no longer in competition with each other and dividing geographic territories, and then exploiting their resulting monopoly to charge supra-competitive prices, to the detriment of Plaintiffs and the Class.

Specifically, Plaintiffs allege that, by agreements dated November 24, 1997 and December 15, 1997, (the "Market Division Agreements"), BFI and Stericycle agreed to cease competing with each other in Utah, Arizona, and Colorado for Medical Waste Services. In the Market Division Agreement, Stericycle and BFI agreed to divide between them existing and future customers, vehicles, equipment, and employees. In addition, according to Plaintiffs, these horizontal competitors agreed to allocate exclusive geographic territories to each other and promised not to compete against each other within those exclusive territories. Pursuant to the Market Division Agreements, BFI transferred to Stericycle 2,520 of BFI's commercial Medical Waste Services customers in Arizona, and Stericycle transferred to BFI 264 customers in Utah and 1,362 customers in Colorado, for a total of 1,626 customers.

According to Plaintiffs, during the months and years following the alleged conspiracies to divide markets and allocate customers, Defendants committed numerous overt acts in furtherance of the conspiracies to restrain trade and to monopolize the Relevant Geographic Market (Utah, Colorado, and Arizona) for Medical Waste Services. For example, Plaintiffs claim that, among other things, Defendants:

- Threatened to impose substantially higher disposal rates on third-party medical waste haulers;
- Locked customers into long-term contracts with exclusivity clauses, thereby

erecting additional barriers to entry;

- Sold, dismantled, and closed waste disposal facilities to avoid violating the agreement not to compete;

- Foreclosed access by third-party haulers to Stericycle's incineration facilities in Utah and Arizona;

- Imported Stericycle's own medical waste from California to Utah to reach necessary operating volumes rather than accepting medical waste collected from third-party haulers in Utah;

- Worked together to have Stericycle designated as the authorized medical waste collector for Maricopa County Hospital in Phoenix, Arizona;

- Artificially raised prices for medical waste disposal services to supra-competitive levels.

On November 12, 1999, Stericycle bought out BFI's Medical Waste Services business in Utah, Arizona, Colorado, and elsewhere. Plaintiffs claim that Stericycle then cancelled third-party hauler contracts in Utah, forcing them to find other, more expensive disposal outlets.

On August 14, 2002, Stericycle agreed to settle antitrust charges, similar to those alleged herein, by the Arizona Attorney General and to pay $320,000 in civil penalties and costs. It further agreed to provide up to 50,000 pounds per month of incineration treatment services for third-party haulers at its Arizona facility and was required to issue 25% rebates for the next two years to certain companies that had previously been excluded by Stericycle's alleged anticompetitive practices.

On January 13, 2003, Stericycle and BFI agreed to settle antitrust charges, similar to

4

those alleged by Plaintiffs in this action, by the Utah Attorney General, and to pay a civil penalty of $580,000, costs in the amount of $150,000, and an additional $100,000 contribution to a fund to increase competition in the Medical Waste Services industry. Stericycle agreed to change its alleged anticompetitive practices by limiting its use of long-term contracts, eliminating exclusive disposal contracts, and opening up its Utah incinerator to previously restricted third-party haulers.

The Tri-State Plaintiffs in the instant action had all purchased Medical Waste Services from Stericycle. They claim they have been economically injured in the prices they pay for such services, which, they assert, have been artificially raised to supra-competitive levels due to the conduct of Defendants.

## II. MOTION TO DISMISS CLAIMS IN THE TRI-STATE CLASS ACTION CASE

Stericycle and the BFI Defendants have moved to dismiss causes of action 1-3 and 5-8 raised in the Tri-State Class Action Plaintiffs' Consolidated Class Action Complaint. Defendants concede that the Fourth and Ninth Causes of Action allege claims that cannot be dismissed at this stage. Below is a list of the claims at issue in the motions to dismiss:

First Cause of Action: Agreement to Allocate Customers in Restraint of Trade in *per se* violation of the Sherman Act, 15 U.S.C. §1;

Second Cause of Action: Agreement to Divide Geographic Territories in Restraint of Trade in *per se* violation of the Sherman Act, 15 U.S.C. §1;

Third Cause of Action: Monopolization of the Market for Medical Waste Services, in violation of the Sherman Act, 15 U.S.C. §2;

Fifth Cause of Action: Unlawful Merger, Stock Acquisition and/or Asset Acquisition in

violation of Section 7 of the Clayton Act;

<u>Sixth Cause of Action</u>: Violation of the Arizona Uniform State Antitrust Act;

<u>Seventh Cause of Action</u>: Violation of the Utah Antitrust Act;

<u>Eighth Cause of Action</u>: Violation of the Colorado Antitrust Act.

Stericycle makes three general arguments for dismissal of these seven claims. First, Stericycle claims that the first three causes of action (and the related state law claims) based on the 1997 transaction between BFI and Stericycle must be dismissed because the statute of limitations has run and Plaintiffs have not and cannot allege facts sufficient to support a claim of fraudulent concealment to toll the statute of limitations, and Plaintiffs have not adequately alleged a continuing violation to restart the limitations period. Second, Stericycle claims that the third cause of action and related state law claims must also be dismissed because monopolization cannot be based on conspiracy. Finally, Stericycle argues that Plaintiffs' Fifth Cause of Action and related state claims based on Stericycle's 1999 acquisition of BFI's medical waste business, which was cleared by the Department of Justice, must be dismissed for failure to state a claim. Each of these arguments is discussed below.

### A. ARE THE FIRST THREE CAUSES OF ACTION (AND THE STATE CLAIMS) TIME-BARRED?

Defendants argue that the first three claims and each of the state claims are time barred because the Clayton Act–and each of the state antitrust acts–provides a four-year statute of limitations for private antitrust actions seeking damages. Plaintiffs' first Complaint was filed on January 27, 2003, and thus, according to Defendants, any alleged anticompetitive conduct prior to January 27, 1999 is time-barred. Because Plaintiffs seek damages for conduct based on an

agreement executed in November of 1997, these claims are time barred.

Moreover, Defendants argue, Plaintiffs attempt to avoid this problem by pleading fraudulent concealment on the part of Defendants. Defendants claim that this attempt fails because the allegations lack the required particularity under Rule 9(b), including time, place, and content of the acts of concealment, successful concealment from Plaintiffs, and the acts constituting Plaintiffs' own exercise of due diligence to discover the factual bases of their claims. Defendants contend that Plaintiffs acknowledge being directly notified of the changes in service.

Defendants further contend that Plaintiffs' attempt to rely the continuing violation doctrine also fails because they have not satisfied the requirements of *Kaw Valley Electrical Cooperative Co., Inc. v. Kansas Electric Power Cooperative, Inc.*, 872 F.2d 931, 933 (10th Cir. 1989), and because the "overt acts" did not occur between January 27, 1999 and December 27, 1999, the "Critical Period," as defined by Defendants.

The court finds that Plaintiffs have adequately pleaded overt acts to constitute continuing violations and that they have adequately pleaded fraudulent concealment to toll the statute of limitations. While Defendants might have successful arguments on summary judgment, the court finds that it would be premature to dismiss these claims on statute of limitations grounds at this stage of the litigation. For the same reasons, the court finds that the state law claims are not time-barred.

In conclusion, the court declines to dismiss on statute of limitations grounds Plaintiffs' First, Second, Third, Sixth, Seventh and Eighth Causes of Action.

**B.     SHOULD THE THIRD CAUSE OF ACTION (AND RELATED STATE CLAIMS) BE DISMISSED FOR THE ADDITIONAL REASON THAT PLAINTIFFS HAVE NOT AND CANNOT ALLEGE UNILATERAL MONOPOLY POWER AND BECAUSE A MONOPOLIZATION CLAIM CANNOT BE BASED ON A CONSPIRACY?**

Defendants claim that, in the Third Cause of Action alleging monopolization under Section 2 of the Sherman Act, Plaintiffs have failed to state a claim because they do not and cannot allege unilateral monopoly power and they do not allege willful acquisition or maintenance of such power. Defendants contend that monopolization under Section 2 of the Sherman Act covers *unilateral* action by a *single* firm (not "shared monopoly power" resulting from an alleged conspiracy) where two elements are present: (1) the possession of monopoly power in the relevant market; and (2) the willful acquisition or maintenance of that power. *United States v. Grenfell Corp.*, 384 U.S. 563, 570-71 (1966). Defendants argue that Plaintiffs do not allege that Stericycle or the BFI Defendants ever had monopoly power in a relevant market, nor do they allege any exclusionary conduct by BFI or Stericycle. Defendants contend that Plaintiffs allege a conspiracy and that these acts and practices had the effect of excluding competing companies from a substantial share of the market; however, Defendants claim, a conspiracy that raises prices *encourages entry* into the market and *benefits*, not hurts, other competitors.

Plaintiffs, however, pleaded that each of the Defendants possessed monopoly power in the relevant market–Stericycle in Arizona, and BFI in Utah and Colorado–and willfully maintained that power through improper means. Thus, Plaintiffs have adequately alleged unilateral monopoly power required by all monopolization claims, and the court cannot dismiss such claims at the pleading stage.

### C. SHOULD THE FIFTH CLAIM (AND STATE CLAIMS) BE DISMISSED FOR FAILURE TO STATE A CLAIM?

Defendants argue that the Fifth Cause of Action alleging that Stericycle's 1999 government-cleared acquisition of BFI's medical waste business violates Section 7 of the Clayton Act (and related state antitrust claims) because those claims fail to allege sufficient facts relating to market conditions and fail adequately to allege the requisite antitrust injury sufficient to give the putative class standing to assert such a claim. They claim that Plaintiffs' bare allegation of "increased concentration" followed by their mimicking the words of the Clayton Act is not sufficient. They also argue that the claim should be dismissed on standing grounds for failure to allege facts necessary to establish antitrust injury, i.e., that the injury sustained derives from the type of conduct that the antitrust laws were intended to prevent. *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977). Defendants claim that a plaintiff's status as a consumer does not automatically mean that harm to the plaintiff constitutes antitrust injury. They also point out that Plaintiffs assert that the Relevant Geographic Market was already "highly concentrated" before the 1999 acquisition (i.e., Defendants had already achieved monopolies in their respective markets prior to the merger), and ask how, then, was competition injured when Stericycle acquired BFI's monopoly. Defendants also contend that Plaintiffs' bald allegation that the effect of Stericycle's 1999 acquisition "was to substantially lessen competition, and/or tend to create a monopoly in the Relevant Geographic Market for medical Waste Services . . ." is insufficient to allege antitrust injury. Defendants claim that there is no factual support for the conclusory assertions of damage to competition or injury. For example, the Complaint fails to make any allegation that prices increased or output decreased as

9

a result of the merger.

Section 7 of the Clayton Act requires that the challenged merger or acquisition (1) create undue concentration in the market, (2) the effect of which may be substantially to lessen competition or to tend to create a monopoly. *See United States v. Philadelphia Nat'l Bank*, 374 U.S. 321, 363 (1963).

The court agrees that Plaintiffs have not adequately alleged that there was any increase in concentration by virtue of the '99 merger and that by virtue of that increased concentration, some Plaintiff paid a higher price. Thus, Plaintiffs have not stated a Section 7 claim, and it must be dismissed. If Plaintiffs can adequately plead such a claim, they may amend their Complaint.

In addition to joining in Stericycle's arguments, the BFI Defendants make one additional argument for dismissal of the Fifth Cause of Action against them, claiming that antitrust claims based on Section 7 of the Clayton Act do not apply to BFI as a seller of assets. Plaintiffs correctly conceded at oral argument that the court would have to make new law to permit Plaintiffs to assert a claim against BFI as a seller of assets. The court declines to make new law, and consequently dismisses with prejudice the Section 7 claim against BFI.

## III. STERICYCLE'S MOTION TO DISMISS COUNT II OF THE *STOLL* COMPLAINT[5]

Stericycle argues that Stoll's Count II (violation of Section 7 of the Clayton Act)–to the extent it also challenges the 1999 merger between BFI and Stericycle–should be dismissed for failing to allege sufficient facts relating to market conditions and inadequately alleging the requisite antitrust injury sufficient to give the putative class standing to assert such a claim.

---

[5] The *Stoll* Complaint is another proposed class-action Complaint, but it pertains to the *California* market for Medical Waste Services.

The court agrees with Stericycle that the Stoll Complaint, while it adequately alleges a Section 7 claim as to the IES acquisition, does not state a Section 7 claim regarding the 1999 merger between BFI and Stericycle. Thus, to the extent that Stoll is challenging the 1999 merger, the claim is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that (1) Stericycle's Motion to Dismiss the Tri-State Class Action Cases is GRANTED in part and DENIED in part. Plaintiffs' Fifth Cause of Action is DISMISSED without prejudice; (2) BFI'S Motion to Dismiss is GRANTED in part, DENIED in part, and MOOT in part. The Fifth Cause of Action against BFI is DISMISSED with prejudice. The motion, as it pertains to Johnson and NAFTA is MOOT; (3) Stericycle's Motion to Dismiss Claims in the Stoll, Johnson, and NAFTA Complaints is GRANTED in part and MOOT in part. Stoll's Second Cause of Action, to the extent it pertains to the 1999 merger is DISMISSED without prejudice. The motion, as it pertains to Johnson and NAFTA, is MOOT. Plaintiffs are granted leave to amend provided that such amendment is filed and served no later than October 20, 2004.

DATED this 30th of September, 2004.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

blk

United States District Court
for the
District of Utah
October 1, 2004


* * CERTIFICATE OF SERVICE OF CLERK * *


Re:  2:03-md-01546


True and correct copies of the attached were either mailed, faxed or e-mailed by the clerk to the following:


    Nicholas Koluncich III, Esq.
    6804 FOURTH ST NW
    LOS RANCHOS DE ALBUQ, NM  87107
    EMAIL

    Joann Shields, Esq.
    ATKIN & SHIELDS PC
    136 S MAIN SIXTH FL
    SALT LAKE CITY, UT  84101
    EMAIL

    Bruce D. Hall, Esq.
    RODEY DICKASON SLOAN AKIN & ROBB PA
    PO BOX 1888
    ALBUQUERQUE, NM  87103

    Jordan Green, Esq.
    FENNEMORE CRAIG PC
    3003 N CENTAL AVE STE 2600
    PHOENIX, AZ  85012-2913
    EMAIL

    Timothy J. Burke, Esq.
    FENNEMORE CRAIG PC
    3003 N CENTAL AVE STE 2600
    PHOENIX, AZ  85012-2913
    EMAIL

    Mr. Allan T. Brinkerhoff, Esq.
    RAY QUINNEY & NEBEKER
    36 S STATE ST STE 1400
    PO BOX 45385
    SALT LAKE CITY, UT  84145-0385
    EMAIL

    James S. Jardine, Esq.
    RAY QUINNEY & NEBEKER
    36 S STATE ST STE 1400
    PO BOX 45385
    SALT LAKE CITY, UT  84145-0385

EMAIL

Kip B. Shuman, Esq.
DYER & SHUMAN LLP
801 E 17TH AVE
DENVER, CO  80218-1417

Christopher Lane, Esq.
SHERMAN & HOWARD LLC
633 SEVENTEENTH ST STE 3000
DENVER, CO  80202

Christopher A. Holland, Esq.
SUTIN THAYER & BROWNE
PO BOX 1945
ALBUQUERQUE, NM  87103

Norman S. Thayer, Esq.
6565 AMERICAS PKWY NE
TWO PARK SQUARE #1000
ALBUQUERQUE, NM  87103

Mr. Raymond J Etcheverry, Esq.
PARSONS BEHLE & LATIMER
201 S MAIN ST STE 1800
PO BOX 45898
SALT LAKE CITY, UT  84145-0898
EMAIL

Charles A. Blanchard, Esq.
PERKINS COIE BROWN & BAIN
2901 N CENTRAL AVENUE
PO BOX 400
PHOENIX, AZ  85001-0400

Michael S. McCarthy, Esq.
FAEGRE & BENSON
1700 LINCOLN ST
STE 3200 WELLS FARGO CENTER
DENVER, CO  80203-4004

Michael J. Beck
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
THURGOOD MARSHALL FEDERAL JUDICIARY BLDG
ONE COLUMBUS CIRCLE NE
RM G-255 NORTH LOBBY
WASHINGTON, DC  20002-8004

Mr. Andrew H Stone, Esq.
JONES WALDO HOLBROOK & MCDONOUGH
170 S MAIN ST STE 1500
PO BOX 45444
SALT LAKE CITY, UT  84145-0444

David R. Scott, Esq.
SCOTT & SCOTT
PO BOX 192
108 NORWICH AVE
COLCHESTER, CT  06415
EMAIL

William J. Doyle II, Esq.
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
401 B ST STE 1700
SAN DIEGO, CA 92101
EMAIL

Bonny E. Sweeney, Esq.
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
401 B ST STE 1700
SAN DIEGO, CA 92101

Jack Landskroner, Esq.
LANDSKRONER GRIECO
1360 W 9TH ST STE 200
CLEVELAND, OH 44077
EMAIL

Francis Joseph Balint Jr., Esq.
BONNETT FAIRBOURN FRIEDMAN & BALINT, P.C.
2901 N CENTRAL AVE, STE 1000
PHOENIX, AZ 85012
EMAIL

Bernard Persky, Esq.
GOODKIND LABATON RUDOFF & SUCHAROW LLP
100 PARK AVE
NEW YORK, NY 10017

Rosemary Joy Shockman, Esq.
SHOCKMAN LAW OFFICE
8170 N 86TH PL STE 102
SCOTTSDALE, AZ 85258